Filed 1/28/21  P. v. Valdez CA2/3

See dissenting opinion

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROMAN VALDEZ,<br><br>        Defendant and Appellant. | B298368<br><br>(Los Angeles County<br>Super. Ct. No. VA065899) |

        APPEAL from an order of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Reversed with direction.

        Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

        Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Roman Valdez petitioned for resentencing under Penal Code[1] section 1170.95.  The trial court summarily denied the petition without appointing counsel for him.  He appeals and contends that he was entitled to have counsel appointed.  We agree.

## BACKGROUND

The background is from the probation report and preliminary hearing transcript.  The victim Ernesto Campos and Roberto Campos were drug dealers.[2]  Valdez had a child with Roberto's daughter.  At some point, Roberto's family was the victim of a home invasion robbery.  Believing Ernesto to be responsible, Roberto hired Valdez and Gualberto Lopez to steal money from Ernesto.

Valdez, Lopez, and David Flores drove to Ernesto's home.  A friend of Valdez's who owed him a favor rented the vehicle they used.  On the way to Ernesto's home, Valdez or Lopez handed out guns so that each man was armed.  The three men entered Ernesto's home and ordered him and his wife out of bed.  Valdez, who did most of the talking, asked where the drugs and money were.  When Ernesto said he did not have any money, Valdez told Flores and Lopez to take Ernesto to the vehicle.  Valdez stayed in the kitchen with Ernesto's wife.  As they approached the vehicle, Ernesto tried to escape, so Lopez shot him, wounding Flores in the process.  Valdez returned to the vehicle, and he, Lopez, and

---

[1] All further statutory references are to the Penal Code.

[2] It is unclear whether Roberto Campos is related to Ernesto Campos.  Because they share a surname, we refer to them by their first names for the sake of clarity.  We intend no disrespect.

2

Flores left, leaving a wounded Ernesto in the yard. Flores survived, but Ernesto died of his wounds.

An amended information charged Valdez with murder (§ 187, subd. (a); count 1), kidnapping (§ 207, subd. (a); count 2), first degree residential robbery (§ 211; count 3), and first degree residential burglary (§ 459; count 4). Pursuant to an open plea, Valdez pleaded guilty to murder and admitted a special circumstance allegation under section 190.2, subdivision (a)(17) and a firearm allegation under section 12022.5, subdivision (a).[3] In 2003, the trial court sentenced Valdez to life without the possibility of parole.

In October 2015, the trial court resentenced Valdez to 25 years to life based on *Miller v. Alabama* (2012) 567 U.S. 460, which held that mandatory life without the possibility of parole sentences are unconstitutional for juvenile offenders.[4] Now, courts considering such a sentence should weigh various factors, including the juvenile's level of participation in the crime. Here, the resentencing court cited Valdez's youth and his cooperation in testifying at the actual shooter's trial as reasons for its decision. However, the resentencing court also found that Valdez was a major participant in the crimes.

Thereafter, our Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.), which took effect January 1, 2019. That law amended the felony-murder rule and eliminated the natural

---

[3] A jury found Flores and Lopez guilty of, among others, first degree special circumstance murder (§§ 187, subd. (a), 190.2. subd. (a)(17)) and found that they personally used a firearm (§ 12022.5).

[4] There is no reporter's transcript of the resentencing hearing.

and probable consequences doctrine as it relates to murder, all to the end of ensuring that a person's sentence is commensurate with their criminal culpability. Based on that new law, a person convicted of murder under a felony murder or natural and probable consequences theory may petition the sentencing court for vacation of the conviction and resentencing, if certain conditions are met. (§ 1170.95.)

In 2019, Valdez petitioned for resentencing under Senate Bill No. 1437. In his form petition, Valdez checked all the boxes indicating he was entitled to relief and also asked the trial court to appoint counsel for him.

Relying on the preliminary hearing transcript, probation report, and the decision affirming Flores's and Lopez's judgments of conviction (*People v. Flores* (June 17, 2004, B164512) [nonpub. opn.]), the trial court found that Valdez was a major participant who acted with reckless indifference to human life and therefore summarily denied the petition without appointing counsel for Valdez.

## DISCUSSION

Valdez contends the trial court violated his federal constitutional rights by summarily denying his petition without appointing counsel for him.[5] The People respond that the special

---

[5] The Supreme Court is reviewing whether superior courts may consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under section 1170.95 and when the right to appointed counsel arises under subdivision (c) of that section. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598.)

4

circumstance precludes relief as a matter of law.  As we now explain, the special circumstance does not preclude relief as a matter of law.

Under Senate Bill No. 1437, malice may no longer be imputed to a person based solely on the person's participation in the crime; now, the person must have acted with malice aforethought to be convicted of murder.  (§ 188; *People v. Munoz* (2019) 39 Cal.App.5th 738, 749, review granted Nov. 26, 2019, S258234.)  To that end, the natural and probable consequences theory of accomplice liability no longer applies to murder.  A participant in enumerated crimes is liable under the felony-murder doctrine only if the participant was the actual killer; or with the intent to kill, aided and abetted an accomplice in commission of first degree murder; or was a major participant in the underlying felony and acted with reckless indifference to human life.  (§ 189, subd. (e); see *Munoz*, at pp. 749–750.)

Senate Bill No. 1437 also created a petitioning process by which defendants convicted of murder under a now invalid theory can be resentenced.  Newly added section 1170.95, subdivision (a) provides that individuals who meet three conditions are eligible for relief:  (1) the person must have been charged with murder under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) convicted of first or second degree murder, and (3) could not be convicted of first or second degree murder because of changes to section 188 or 189 made effective January 1, 2019.  (See generally *People v. Drayton* (2020) 47 Cal.App.5th 965, 973.)

Our state Supreme Court has granted review of *People v. Lewis*, *supra*, 43 Cal.App.5th 1128, to determine what must occur—and in what order—after a trial court receives a

complying petition but before it issues an order to show cause under section 1170.95, subdivision (c). So far, most appellate courts have held that subdivision (c) requires trial courts to undertake two prima facie reviews before issuing an order to show cause—first, under the first sentence of the provision, "that the petitioner falls within the provisions of this section," and second, under the last sentence of the provision, that the petitioner "is entitled to relief"—and that it need not appoint counsel and the prosecution need not file a response until after the first prima facie review is complete. (§ 1170.95, subd. (c); see, e.g., *People v. Verdugo* (2020) 44 Cal.App.5th 320, 323, 329, review granted Mar. 18, 2020, S260493; *People v. Drayton*, *supra*, 47 Cal.App.5th at pp. 975–976.)

Another view is that the first sentence of section 1170.95, subdivision (c), states the rule—the " ' "court shall review the petition and determine if the petitioner has made a prima facie showing that [he or she] falls within the provisions of this section" ' "—and " '[t]he rest of the subdivision establishes the process for complying with that rule: Appoint counsel, if requested. Wait for the prosecutor's required response and the petitioner's optional reply. If the petitioner makes a prima facie showing, issue an order to show cause.' " (*People v. Cooper* (2020) 54 Cal.App.5th 106, 115, review granted Nov. 10, 2020, S264684, quoting *People v. Tarkington* (2020) 49 Cal.App.5th 892, 911–927, review granted Aug. 12, 2020, S263219 (dis. opn. of Lavin, J.).)

Regardless of which view is correct, the trial court erred in summarily denying Valdez's petition. Here, the People contend that Valdez's plea admitting the special circumstance allegation establishes his ineligibility as a matter of law. However, Valdez entered into that plea before our California Supreme Court's

6

decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).  Those cases clarified and narrowed the definitions of major participant and of reckless indifference to human life.

Appellate courts are divided as to whether defendants like Valdez who were convicted of murder with a special circumstance finding pre-*Banks* and *Clark* are eligible for relief under Senate Bill No. 1437.  Some conclude that they are not eligible for relief. They characterize petitions such as Valdez's as challenges to the special circumstance finding.  (See, e.g., *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142–1143, review granted Oct. 14, 2020, S264284; *People v. Gomez* (2020) 52 Cal.App.5th 1, 16–17, review granted Oct. 14, 2020, S264033; *People v. Murillo* (2020) 54 Cal.App.5th 160, 167–168, review granted Nov. 18, 2020, S264978; *People v. Jones* (2020) 56 Cal.App.5th 474.)  As such, they have held that a petition under section 1170.95 is not the appropriate vehicle to make that challenge; it should be made via a writ of habeas corpus.  (See, e.g., *Galvan*, at p. 1142; *Gomez*, at p. 17.)  *Galvan*, at page 1142, also reasoned that a defendant convicted of murder with special circumstance findings pre-*Banks* and *Clark* could not now be convicted of murder *because of* clarifications to the law per those cases rather than *because of* changes to sections 188 and 189 made effective as part of Senate Bill No. 1437.

Another appellate court has disagreed and pointed out that characterizing a section 1170.95 petition as a challenge to a special circumstance finding misapprehends the nature of the petition.  (See, e.g., *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011; *People*

7

*v. York* (2020) 54 Cal.App.5th 250, 260, review granted Nov. 18, 2020, S264954.)  A section 1170.95 petition is a challenge to a *murder conviction* "that can obviously result in a vacatur of a special circumstance finding as a collateral consequence."  (*York*, at pp. 263–264 (conc. opn. of Baker, J.); *Smith*, at p. 94.)  *York*, at page 261, further observes, "What permits a defendant convicted of felony murder to challenge his or her murder conviction based on the contention that he or she was not a major participant in the underlying felony who acted with reckless indifference to human life, are the changes to Senate Bill 1437 made to sections 188 and 189, and in particular, the addition of section 189, subdivision (e)(3), not the rulings in *Banks* and *Clark*."

We agree that a petition under section 1170.95 is a challenge to a murder conviction which may require consideration of a special circumstance finding made pre-*Banks* and *Clark*.  In this limited scenario involving a pre-*Banks* and *Clark* special circumstance finding, a defendant is not ineligible for section 1170.95 relief as a matter of law at the preliminary prima facie step.

The People, however, respond that a trial court *did* make a post-*Banks* finding that Valdez was a major participant in the crime which thereby precludes his eligibility for section 1170.95 relief.  The 2015 finding was made in connection with an order to show cause after a remittitur to reconsider Valdez's sentence based on *Miller v. Alabama, supra,* 567 U.S. 460.  Although the finding was made just months after *Banks* was issued, it is not clear on this limited record that the trial court considered *Banks* in determining that Valdez was a major participant or that the trial court's use of the phrase "major participant" was in the context of the special circumstance statute, section 190.2,

8

subdivision (a)(17).  In any event, the trial court made no concurrent finding that Valdez acted with reckless indifference to human life.  As *Clark* had not yet been issued, the trial court could not have evaluated that issue under the factors that case identified.

Nor do we agree that the trial court, on this record, could find as a matter of law that Valdez was a major participant who acted with reckless indifference to human life without appointing counsel for him and soliciting briefing in accordance with section 1170.95, subdivision (c).  Even if we agreed with the People that the *Banks/Clark* analysis is a purely legal one, the analysis must still be based on facts.  Valdez entered into an open plea, and the record does not show what the sentencing court found to be the factual basis for the plea.[6]  Moreover, the trial court that heard the section 1170.95 petition relied on the preliminary hearing transcript, probation report, *and* the opinion affirming Valdez's accomplices' judgments of conviction.   Although there is authority that a trial court may rely on a preliminary hearing transcript (see, e.g., *People v. Falcon* (2020) 57 Cal.App.5th 272), the opinion about Valdez's accomplices is not part of Valdez's record of conviction.  The trial court improperly relied on it, as the People concede.

Because the trial court relied on a matter outside the record of conviction and because the record does not show what was the factual basis for the plea, we decline to find that the preliminary hearing transcript and probation report demonstrate that Valdez is ineligible for relief as a matter of law.  Instead, the

---

[6] The reporter's transcript of the plea hearing is unavailable.

trial court must appoint counsel to represent him and to otherwise proceed in accordance with section 1170.95, subdivision (c).  (See, e.g., *People v. Smith*, *supra*, 49 Cal.App.5th at pp. 95–96; but see *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490 [error susceptible to harmless error analysis].)

## DISPOSITION

The order is reversed with the direction to appoint counsel for Roman Valdez and to conduct further proceedings in accordance with Penal Code section 1170.95.

NOT TO BE PUBLISHED.


DHANIDINA, J.


I concur:


LAVIN, J.

EDMON, P. J., Dissenting.

I respectfully dissent. I would affirm the trial court's denial of appellant Roman Valdez's Penal Code section 1170.95[1] petition, because his admission of the section 190.2, subdivision (a)(17) special circumstance allegation rendered him ineligible for relief as a matter of law.

As the majority explains, Valdez was charged by information with the murder, kidnapping, robbery, and burglary of Ernesto Campos. The information further alleged that Valdez committed the murder while engaged in the commission of the robbery, burglary, and kidnapping, within the meaning of section 190.2, subdivision (a)(17). On August 16, 2002, Valdez pled guilty to murder and admitted a section 190.2, subdivision (a)(17) felony-murder special circumstance, as well as a section 12022.5 personal use of a firearm enhancement.

A defendant convicted of murder with a section 190.2, subdivision (a)(17) special circumstance is not eligible for resentencing under section 1170.95 as a matter of law. *People v. Allison* (2020) 55 Cal.App.5th 449, is instructive. There, a jury convicted Allison of murder in 1997, but deadlocked on the felony-murder special circumstance allegations. As part of a plea bargain, and to avoid the possibility of a sentence of life without parole, Allison admitted the section 190.2, subdivision (a)(17) special circumstance allegations. After passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.), he petitioned for resentencing. The trial court denied the petition because, based on the special circumstances Allison had admitted, he could still be convicted of

---

[1] All further undesignated statutory references are to the Penal Code.

murder and was therefore ineligible for relief under section 1170.95.  (*People v. Allison*, at p. 453.)

*People v. Allison* concluded the trial court was correct, explaining: "To be eligible for resentencing under section 1170.95, Allison must make a prima facie showing that he '*could not* be convicted of first or second degree murder because of changes to Section 188 or 189 made' in Senate Bill No. 1437.  [Citation.] Under the newly amended version of section 189, a defendant can be convicted of felony murder only if he: was the actual killer; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in first degree murder; or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.'  [Citation.]  These are identical to the requirements of a felony-murder special circumstance now and in 1997 when Allison made his admission. (See § 190.2, subds. (b)–(d); Prop. 196, as approved by voters, Gen. Elec. (Mar. 26, 1996) [amending § 190.2].)  Thus, the special circumstance admission shows as a matter of law that Allison *could* still be convicted of felony murder even under the newly amended version of section 189, and prevents Allison from making a prima facie case that he is eligible for resentencing." (*People v. Allison*, *supra*, 55 Cal.App.5th at p. 457; see also *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140–1141, review granted Oct. 14, 2020, S264284; *People v. Jones* (2020) 56 Cal.App.5th 474, 482; *People v. Gomez* (2020) 52 Cal.App.5th 1, 11, 15, review granted Oct. 14, 2020, S264033; *People v. Murillo* (2020) 54 Cal.App.5th 160, 167, review granted Nov. 18, 2020, S264978; *People v. Nunez* (2020) 57 Cal.App.5th 78, 91, review granted Jan. 13, 2021, S265918.)

Following the lead of our colleagues in Division Five, the majority concludes Valdez's admission of the special circumstance is not dispositive because it predated our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). (See *People v. Torres* (2020) 46 Cal.App.5th 1168, 1179 (*Torres*), review granted June 24, 2020, S262011; *People v. Smith* (2020) 49 Cal.App.5th 85, 93 (*Smith*), review granted July 22, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, 258 (*York*), review granted Nov. 18, 2020, S264954.) These cases reason that *Banks* and *Clark* "construed section 190.2, subdivision (d), in a significantly different, and narrower manner than courts had previously construed the statute," and therefore a court considering a section 1170.95 petition "cannot simply defer" to a pre-*Banks* and *Clark* finding. (*Torres*, at p. 1179.)

Another line of authority, referenced above, disagrees with that view, and holds that a pre-*Banks* and *Clark* special circumstance finding bars section 1170.95 relief as a matter of law. These cases reason as follows. The Division Five approach "exaggerates the effect of *Banks* and *Clark*. Those opinions did not change the law, but 'merely clarified the "major participant" and "reckless indifference to human life" principles that existed when defendant's conviction became final.' [Citation.] The phrases 'major participant' and 'reckless indifference to human life' do not have specialized definitions, but are interpreted as they are used in common parlance." (*People v. Allison*, *supra*, 55 Cal.App.5th at p. 458.) As a further indication that *Banks* and *Clark* did not change the law significantly enough to invalidate special circumstance admissions predating those decisions, *Allison* observed that as a result of those decisions, the pattern

3

jury instruction was unchanged and optional language based upon them is not mandatory.  (*Ibid*.)  Accordingly, "there is no reason to believe that Allison's admission of the special circumstance after his original trial was any different in meaning or effect than it would have been if he had made it today."  (*Id.* at p. 459; see *People v. Jones*, *supra*, 56 Cal.App.5th at pp. 483–484; *People v. Nunez*, *supra*, 57 Cal.App.5th at p. 94, rev.gr.)

Furthermore, the *Torres / Smith / York* approach is inconsistent with the plain language of section 1170.95, because a defendant claiming ineligibility based on *Banks* and *Clark* does not meet the statutory requirement that he or she cannot be convicted *because of* changes to sections 188 or 189 made by Senate Bill No. 1437.  (*People v. Allison*, *supra*, 55 Cal.App.5th at p. 460; see *People v. Jones*, *supra*, 56 Cal.App.5th at p. 484; *People v. Galvan*, *supra*, 52 Cal.App.5th at p. 1142, rev.gr.; *People v. Murillo*, *supra*, 54 Cal.App.5th at p. 168, rev.gr.; *People v. Nunez*, *supra*, 57 Cal.App.5th at pp. 94–95, rev.gr.)  And, section 1170.95 was not meant to be an avenue for challenging a special circumstance admission.  (*People v. Allison*, at pp. 453, 461.)

While I acknowledge that both lines of authority are not without force, in my view the cases holding that a special circumstance admission or finding precludes relief as a matter of law are better reasoned.

Given that his admission to the special circumstance makes Valdez ineligible as a matter of law, the trial court did not err by denying the petition without appointing counsel.  This and other courts have held that a trial court may summarily deny a section 1170.95 petition without appointing counsel if the record shows the defendant is ineligible as a matter of law.  (See, e.g., *People v. Tarkington* (2020) 49 Cal.App.5th 892, 901–902, review granted

4

Aug. 12, 2020, S263219; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 332, review granted Mar. 18, 2020, S260493; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139–1140, review granted Mar. 18, 2020, S260598.)  As the majority notes, our California Supreme Court is currently considering when the right to counsel arises under section 1170.95, subdivision (c).  (*People v. Lewis*, S260598.)  Pending further guidance from our high court, however, Valdez's arguments do not persuade me that deviation from *People v. Tarkington* is warranted.


EDMON, P. J.